***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms and modifies the Opinion and Award of Deputy Commissioner Taylor.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The Industrial Commission had jurisdiction over the subject matter of this case, the parties were properly before the Full Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Plaintiff's average weekly wage was $309.20, yielding a compensation rate of $206.38 at all relevant times herein.
3. Plaintiff was employed by defendant-employer at all relevant times herein.
4. Defendant-employer was self-insured with Key Risk Management Services as the servicing agent.
5. The parties stipulated into evidence a packet of plaintiff's medical records, marked Stipulated Exhibit 1.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a forty-eight year old high school graduate who had worked for J P Stevens, served in the military and worked as a correctional officer at Caldonia Prison.
2. On November 20, 1995, plaintiff sustained an admitted compensable injury by accident when he picked up a table and felt a pop in his back. Plaintiff reported his injury and received immediate treatment that day at Halifax Memorial Hospital where he was diagnosed with degenerative disc disease.
3. Plaintiff was treated for his injury by Dr. Ganesh Bissrem, an orthopedist, who diagnosed him with a lumbosacral strain caused by his compensable injury. Dr. Bissrem treated plaintiff conservatively with physical therapy and after approximately three months out of work returned plaintiff to work full time on approximately January 3, 1996.
4. Plaintiff continued to experience some pain and although he was working he received additional medical treatment as well as additional physical therapy through August 1996. Plaintiff continued to work throughout this time and did not seek medical treatment again until he presented, four years later, to Dr. Ralph A. Liebelt, an orthopaedic surgeon, on August 23, 2000.
5. After the examination Dr. Liebelt was of the opinion that plaintiff had discogenic pain from the lumbar spine and recommended a MRI, discography with probable McKenzie Method physical therapy, epidural steroids and possibly surgery.
6. At the time Dr. Liebelt saw plaintiff, he did not have any of plaintiff's medical records, including plaintiff's November 20, 1996 MRI or November 20, 1995 x-rays. Dr. Liebelt was of the opinion that the back pain and numbness and tingling of the left thigh, of which plaintiff complained, were related to his November 20, 1995 compensable injury. However, upon cross examination, Dr. Liebelt acknowledged that if plaintiff had indeed gone three years without treatment for his complaints and functioned essentially normally between the time of his compensable injury and the time which Dr. Liebelt saw him, that Dr. Liebelt would have a difficult time connecting his symptoms causally to his original compensable injury.
7. On October 2, 2001 and February 14, 2002, plaintiff presented to Dr. Greig McAvoy, an orthopaedic surgeon. On both occasions, plaintiff complained of numbness and tingling in his front left thigh and back pain. On both occasions, after reviewing plaintiff's medical records, the previous MRIs taken, a MRI taken on May 2, 2001 and performing an examination, Dr. McAvoy opined that plaintiff's complaints were not related to his compensable injury. Dr. McAvoy further opined that plaintiff's MRI changes at L3-4 and L4-5 did not indicate any neurologic compromise or encroachment.
8. Dr. McAvoy opined that plaintiff did not need further medical treatment but recommended an active exercise program with weight reduction and smoking cessation.
9. Neither Dr. McAvoy nor Dr. Liebelt opined that plaintiff needed work restrictions.
10. At the time of plaintiff's injury he was working in close custody, which did not require as much physical work and involved less actual physical contact with prisoners. In 1997, plaintiff was moved to maximum custody as a result of an investigation which determined that he was sleeping in the tower. While working in maximum custody, plaintiff sustained several injuries as a result of use of force against prisoners.
11. On November 20, 1995, plaintiff sustained a compensable injury by accident resulting in a lumbosacral strain.
12. The competent evidence in the record establishes that plaintiff recovered from the effects of his compensable November 20, 1995 injury. Although plaintiff has occasional back pain, this pain is not related to his compensable injury.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment resulting in a lumbosacral strain and as a direct result of a specific traumatic incident of the work assigned on November 20, 1995. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff recovered from the effects of his compensable November 20, 1995 injury.
3. Although plaintiff has occasional back pain, this pain is not related to his compensable injury.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 ORDER
1. Plaintiff's claim for additional compensation for his November 20, 1996 work-related injury must be, and the same is hereby DENIED.
2. Each side shall pay its own costs.
This the 5th day of January, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER